UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                               <u>DECISION AND ORDER</u>

                                                                09-CR-6071L

                        v.

CARLOS MCKENZIE,

                          Defendant.
_____

      Defendant Carlos McKenzie ("McKenzie") is one of the last defendants arrested on a multi-count indictment charging narcotics offenses. The indictment, returned in April 2009, named twenty-eight defendants, most of whom have already pleaded guilty and have been sentenced. Much of the case and the evidence supporting the charges is based on evidence of communications intercepted by several wiretaps. There were nine wiretap warrants issued in the Spring of 2009 over telephones subscribed to by other defendants, specifically Ronald Gunter, Kevin Wilson and Ebony Jackson.

      At issue before the Court are four warrants, issued by Chief United States District Judge William Skretny on March 13, 2009 (Warrant 6); April 3, 2009 (Warrant 7); April 14, 2009 (Warrant 8); and May 1, 2009 (Warrant 9). The Government concedes that McKenzie has standing to move to suppress the evidence obtained from those warrants because his conversations were

intercepted and he is, therefore, an "aggrieved person" under 18 U.S.C. § 2510(11). At this point, McKenzie has not demonstrated the same status as to Warrants 1 through 5.

Defendant moved to suppress evidence and the matter was referred to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). The parties filed appropriate papers and the court conducted oral argument which was taped and has been available to this Court for review. Magistrate Judge Payson has issued a thorough 14-page Report and Recommendation discussing McKenzie's challenges and, after discussing the relevant facts and law, concludes with the recommendation that this Court should deny the motion to suppress.

McKenzie has filed a one-page document (Dkt. #734) objecting to the Magistrate Judge's Report and Recommendation. McKenzie claims now, as he did before Magistrate Judge Payson, that the warrants were not based on probable cause and that the supporting affidavit did not demonstrate that traditional investigative techniques were insufficient to achieve the aims of the investigation.

I have carefully reviewed the Magistrate Judge's Report and Recommendation, as well as the objections and have had available the tape of the oral argument, as well as the very lengthy affidavits (Attachments to Dkt. #731) submitted in support of the warrants by Anthony J. Patrone, an agent employed by the United States Immigration and Customs Enforcement ("ICE").

I find no basis to alter, modify or reject the Report and Recommendation of Magistrate Judge Payson. Therefore, defendant Carlos McKenzie's motion to suppress should be and hereby is in all respects denied.

Magistrate Judge Payson carefully set forth the applicable law relative to proceedings seeking wiretap authorization. Her statement of the law is clear and correct. She describes in great

detail some of the items from the lengthy affidavits of both Agent Patrone and another agent, Thomas J. Webb, which were filed in support of the warrants.

Those affidavits describe the large and significant international drug operation whose principal defendant was Ronald Gunter. The application for the subject warrants (Warrant 6 through 9) describe in detail the numerous telephone conversations, the seizure of substantial quantities of marijuana and numerous other intercepts which clearly involve drug related conversations. The Magistrate Judge obviously had considered the lengthy and detailed affidavits of Agents Patrone and Webb and concluded, as do I, that there was ample probable cause for the issuing judge, Chief Judge Skretny, to authorize all four of the warrants in question.

In addition, I believe the affiants carefully described the reasons traditional investigative techniques were insufficient to achieve all the aims of the investigation. Although there had been some utilization of such techniques, it is clear from the affidavits that further reliance on those techniques would not get to the heart of the conspiracy and develop leads as to all those involved. I believe the evidence clearly establishes that more traditional investigative procedures would have been unlikely to succeed and/or would have been dangerous to officers and others involved. Without discussing each item of evidence, even a cursory review of Magistrate Judge Payson's Report and Recommendation, demonstrates that she carefully and thoroughly considered the lengthy affidavits submitted in support of the warrants and found that they were clearly based on probable cause and they clearly established that traditional investigative techniques were not sufficient to meet the needs of the investigation.

Except for the very general, one-page objections that McKenzie has filed, there is no specific discussion about any of the numerous matters cited by Magistrate Judge Payson in support of her conclusions.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #733) of United States Magistrate Judge Marian W. Payson.

Defendant Carlos McKenzie's motion to suppress evidence intercepted by wiretaps (Dkt. #708) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 28, 2014.